UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23918-CIV-MARTINEZ/AOR

SARA I. GARCIA,

    *Pro Se* Appellant,

v.

OCWEN LOAN SERVICING, LLC,

    Appellee.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Appellant Sara I. Garcia's ("Garcia") "Motion for Leave to Appeal Court's 9/25/17 Order [D.E. # 323] Denying Reconsideration of 8/28/17 Order [D.E. # 318] Denying Relief from Decree of Ocwen & Consolidate with Appeal Dismissed on 12/13/16 w/o Prejudice that Should Be Re-Instated; in Addition, for Stay Pending Appeal" (hereafter, "Motion for Leave to Appeal and for Stay") [D.E. 1]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 12]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Leave to Appeal and for Stay be DENIED.

## PROCEDURAL BACKGROUND

Garcia seeks leave to appeal the following Order entered on September 22, 2017 [filed September 25, 2017] by Southern District of Florida Bankruptcy Court Judge Robert A. Mark ("Judge Mark") in Chapter 13 Case No. 15-28640-RAM, (hereafter, "Order Denying Motion for Reconsideration"), which stated:

> The Court has reviewed Debtor Sara I. Garcia's Motion for Reconsideration (the "Motion for Reconsideration") [DE# 321]. The Motion for Reconsideration asks the Court to reconsider its August 25, 2017 Order Denying

> Motion for Relief from Judgment (the "August 25th Order") [DE# 318]. There is no cause for the Court to reconsider the August 25th Order. As succinctly stated in that Order, it was, and remains, entirely appropriate for this Court to abstain from considering any disputes between the Debtor and Ocwen Loan Servicing ("Ocwen").

<u>See</u> Order Denying Motion for Reconsideration [D.E. 1-1 at 5-6]. The Order Denying Motion for Relief from Judgment, as to which Judge Mark denied reconsideration, stated:

> The Court has reviewed Debtor Sara I. Garcia's Motion for Relief from Judgment Pursuant to FRCP 60(b) (the "Motion") [DE# 317]. The Motion asks this Court to vacate its August 23, 2016 Order on Pending Motions (the "Aug. 23rd Order") [DE# 131], specifically, that portion of the Aug. 23rd Order abstaining from considering any motions, objections, or adversary proceedings relating to the claim of Ocwen Loan Servicing LLC ("Ocwen") [DE# 131, p. 3].
>
> The Motion and the record in this case do not support the Debtor's requested relief. Ocwen is not treated in the Debtor's proposed chapter 13 plan [DE# 105], and the August 23rd Order denied Ocwen's Motion to Allow Late Filed Proof of Claim so Ocwen has no pending claim in this bankruptcy case. Therefore, the Court's decision to abstain from considering any disputes between the Debtor and Ocwen was, and still is, the right decision . . . .

<u>See</u> Order Denying Motion for Relief from Judgment [D.E. 1-1 at 3-4].

On May 4, 2020, the undersigned held a hearing on the Motion for Leave to Appeal and for Stay (hereafter, "May 4, 2020 Hearing") [D.E. 15]. At the May 4, 2020 Hearing, the undersigned denied Garcia's Motion to Strike Ocwen's Response to the Court's Order to Show Cause and Ocwen's Response to the Motion for Leave to Appeal and for Stay. <u>See</u> Transcript of May 4, 2020 Hearing [D.E. 19 at 28-29]. The undersigned also directed the parties to brief the issue of res judicata in connection with Garcia's earlier bankruptcy appeal in Case No. 16-23818-CIV-MGC. Having considered the parties' submissions, the undersigned concludes that this action is barred by res judicata.

## **<u>GARCIA'S EARLIER BANKRPUTCY APPEAL</u>**

In Case No. 16-23818-CIV-MGC, the Court entered an Order Reinstating Bankruptcy Appeal and Denying Stay Pending Appeal, stating in pertinent part:

> The instant matter was initiated on September 6, 2016 when Ms. Garcia filed a Notice of Appeal regarding an Order of the Bankruptcy Court ("First Order"), dated August 19, 2016. The First Order did several things as it relates to Ms. Garcia's appeal: it denied Ocwen's Motion to Allow Late Claim; it overruled Ms. Garcia's objections to Ocwen's Proof of Claim as moot; it granted Ocwen relief from the automatic bankruptcy stay to continue its state court foreclosure action; and it denied Ms. Garcia's request for relief based on Bank of America's alleged stay violation. First Ord., ECF No. 25, p. 29–33. On December 13, 2016, I entered two Endorsed Orders (ECF Nos. 23, 24) on Ms. Garcia's appeal. The first Endorsed Order stated that Ms. Garcia had improperly appealed a non-final order, given that Ms. Garcia had filed a Motion to Reconsider the order she was appealing. *See* ECF No. 23. The second Order dismissed the case for lack of jurisdiction. *See* ECF No. 24.
>
> On October 10, 2017, Ms. Garcia filed the instant Motion [namely, the Motion to Re-Instate Dismissed Appeal & Consolidate with Leave to Appeal]. In her Motion, Ms. Garcia seeks leave to appeal the Bankruptcy Court's September 22, 2017 Order ("Third Order"), *see* ECF No. 25, p. 27, denying Reconsideration of its August 25, 2017 Order ("Second Order"), *see id.* at 25, which in turn denied Ms. Garcia's Motion for Relief from Judgment Pursuant to FRCP 60(b) related to the Bankruptcy Court's First Order. Ms. Garcia wishes to consolidate the appeal of the Third Order with the re-instatement of her original appeal of the First Order. She also requests a stay pending her appeal. Given the procedural history and the fact that the First Order is now final, I find it appropriate to reinstate Ms. Garcia's appeal and consolidate it with her appeal of the Third Order.

<u>See</u> Order Reinstating Bankruptcy Appeal and Denying Stay Pending Appeal [Case No. 16-23818-CIV-MGC, D.E. 26]. Thus, Garcia's Motion for Leave to Appeal and for Stay was made part of Case No. 16-23818-CIV-MGC.

Moreover, on March 29, 2019, the Court entered an Order Dismissing Bankruptcy Appeal, stating in pertinent part:

> Here, Garcia's appeal has been pending in this Court for almost three years and she has not filed her Initial Brief. This, alone, warrants dismissal of this action.
>
> ***
>
> The Court would dismiss this appeal even if it considered the underlying merits. At bottom, Garcia challenges Judge Mark's decision to not consider "any motion, objection, or adversary proceeding the Debtor seeks to file relating to the loan on [Garcia's] home." *Order on Pending Motions* at 4, BKC No. 131; *see also Order*

3

>  *Denying Motion For Relief From Judgment*, BKC No. 318. Judge Mark reached this conclusion because Ocwen "obtained a final foreclosure judgment against the Debtor" so "all issues relating to the Ocwen claim must be asserted by the Debtor in the state court case." *Order on Pending Motions* at 3. The Court agrees with Judge Mark.

See Order Dismissing Bankruptcy Appeal [Case No. 16-23818-CIV-MGC, D.E. 66]. Thus, Garcia's Motion for Leave to Appeal and for Stay was denied on the merits in Case No. 16-23818-CIV-MGC.

## **RES JUDICATA**

"Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). Res judicata applies when "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Id. Here, all four factors are met. Specifically, the Order Dismissing Bankruptcy Appeal in Case No. 16-23818-CIV-MGC: expressly denied on the merits Garcia's Motion for Leave to Appeal and for Stay; was issued in the District Court for the Southern District of Florida, which is a court of competent jurisdiction; the parties in both actions are identical, namely, Garcia and Ocwen; and the same Bankruptcy Court Order was the subject of both appeals.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that Garcia's Motion for Leave to Appeal and for Stay [D.E. 1] be **DENIED WITH PREJUDICE** as barred by res judicata. The undersigned further **RECOMMENDS** that the following requests, which were included in the heading of Garcia's Reply [D.E. 14] be similarly **DENIED WITH PREJUDICE**: "Motion to Quash Paperless Order [DE 12]," wherein

the Court referred this matter to the undersigned; "Set Aside Bankruptcy 8/16/16 Order & Bankruptcy Stay;" "That Appellee's Claim be Disallowed with Prejudice;" and "That Sanctions be Imposed Against Appellee and its Counsel."

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 6th day of October, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

United States District Judge Jose E. Martinez
Counsel of Record

Copies furnished by mail to:

Sara I. Garcia
270 W 57th Street
Hialeah, FL 33012